126 N.J. Super. 261 (1973)
314 A.2d 73
GULF CHEMICAL AND METALLURGICAL CORPORATION, A TEXAS CORPORATION, PLAINTIFF-APPELLANT,
v.
SYLVAN CHEMICAL CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 27, 1973.
Decided December 19, 1973.
*262 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Messrs. Riker, Danzig, Scherer & Brown, attorneys for appellant (Mr. Peter N. Perretti, Jr., of counsel; Mr. William C. Dodd, on the brief).
Mr. Francis B. Rusch, attorney for respondent.
PER CURIAM.
Plaintiff, a Texas corporation, agreed to sell to defendant, a New Jersey corporation, 70,000 pounds of cupric oxide to be shipped in three equal shipments, at a price of 42 cents per pound F.O.B. Texas, net payment to be made in ten days. Defendant sent three purchase orders. The first, dated January 28, 1971, requested shipment of 24,000 pounds immediately; the second requested shipment during the week of February 22, 1971, and the last called for shipment when requested by defendant.
The first shipment of goods was concededly made on time. The price to be paid was $10,229.84. Defendant objected that the material shipped did not meet specifications, and after several conferences it was agreed that plaintiff would reduce the amount of its claim by five cents per pound, resulting in an amount due of $9,372.35.
Plaintiff thereafter refused to ship the second order until the $9,372.35 was paid. Defendant refused to pay for the shipment until plaintiff committed itself to make the remaining shipments. Plaintiff thereupon instituted this action and defendant counterclaimed seeking loss of profits because of plaintiff's breach.
*263 After hearing testimony without a jury, the trial judge granted judgment against defendant for $9,372.35, without interest, and granted judgment to defendant on its counterclaim for breach of contract against plaintiff for the sum of $3,281.94. Plaintiff appeals from the judgment on the counterclaim and the court's denial of interest on its judgment.
The issue must be resolved under the terms of N.J.S.A. 12A:2-612. The question for determination is whether the refusal by defendant to pay for the initial installment constituted a substantial impairment of the contract under the statute. We find it significant that the agreement did not provide for the right of either party to declare a breach of the whole contract on a breach of one part of it, and that defendant stood ready, willing and able to pay for any installment provided it could be assured by plaintiff that the balance of the goods were to be shipped.
The burden of proof was on plaintiff to prove that a substantial impairment of the contract had taken place. The trial judge found that plaintiff had not sustained its burden. On the other hand, he did find the proofs ample to support the counterclaim. The record amply supports his conclusions.
We affirm substantially for the reasons expressed by Judge Van Tassel in his opinion rendered February 5, 1973, as supplemented by his letter to counsel dated February 27, 1973, subsequently published in 122 N.J. Super. 499, 300 A.2d 878 (1973).
Affirmed.